UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ETHEL S. WHITE, *et al.*,<br><br>   Plaintiffs,<br><br>      v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>   Defendants. | Civil Action No. 11-2257(CKK) |

MEMORANDUM OPINION
(October 10, 2012)

      Plaintiffs Ethel White and her husband Shaileshkumar Shah filed suit against Defendants the Department of Homeland Security and the United States Citizenship and Immigration Service ("USCIS"), alleging the Defendants wrongfully denied Plaintiffs' I-130 visa petition. The Plaintiffs seek review of Board of Immigration Appeals' decision upholding the USCIS' denial of the petition pursuant to the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* Presently before the Court is the Defendants' [8] Motion to Transfer Venue, which requests a transfer to the United States District Court for the Eastern District of Texas. For the reasons stated below, the Defendants' motion is DENIED AS MOOT, and this matter is DISMISSED for lack of subject matter jurisdiction.

      According to the Complaint, White, a citizen of the United States, married Shah in 2005. Compl., ECF No. [1], ¶ 9. The Plaintiffs filed an I-130 Alien Relative visa petition on April 22, 2008, naming Shah as the beneficiary seeking to immigrate to the United States on the basis of his marriage to White. *Id.* at ¶ 10. After conducting separate interviews of the Plaintiffs, USCIS issued a "Notice of Intent to Deny" on March 27, 2009 on the grounds that discrepancies

between the Plaintiffs' answers indicated the Plaintiffs were not living together. *Id.* In response, the Plaintiffs submitted a joint declaration and other materials purporting to explain the discrepancies. *Id.* at ¶ 12. Nevertheless, the USCIS denied the petition on May 28, 2009, concluding that the Plaintiffs' marriage was a fraud. *Id.* at ¶¶ 2, 12. The Plaintiffs appealed the decision to the Board of Immigration Appeals ("BIA"), which affirmed the USCIS' denial of the petition on May 23, 2011. *Id.* at ¶¶ 13-14. The Plaintiffs now challenge the BIA's ruling on appeal as "arbitrary and capricious and not in accordance with the law." *Id.* at ¶ 15 (quoting 5 U.S.C. § 702(2)(A)).

The Defendants offer two bases for transferring this action: (1) venue is not proper in the District of Columbia; and (2) transfer would serve the interest of justice and be more convenient for the parties and witnesses. The Court does not reach either of these contentions because, based on the face the Complaint, the Plaintiffs have failed to name the proper defendant. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The APA provides that, unless a "special statutory review proceeding is applicable," a complaint seeking judicial review of a final agency action under the APA "may be brought against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703. Neither party contends any such special review proceeding is applicable to judicial review of rulings issued by the BIA. Thus, pursuant to the APA, the Plaintiff had to name (1) the United States; (2) the relevant agency, or (3) the appropriate officer within that agency. The Plaintiffs elected to name the USCIS and its parent agency, the Department of Homeland Security, as Defendants. However, the Complaint explicitly states the final agency action under review is the decision issued by the Board of Immigration Appeals on May 23, 2011. Compl. ¶ 15-16

(alleging the decision of the BIA was "arbitrary and capricious). The Board of Immigration Appeals---the agency that took the action Plaintiffs now challenge---is a component of the Department of Justice, not the Department of Homeland Security. *E.g.*, *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1034 (1984) (noting that "[o]n administrative appeal the Board of Immigration Appeals (BIA), *an agency of the Department of Justice*, affirmed the deportation orders") (emphasis added). Having failed to name the United States, the Department of Justice, any relevant agency within the Department of Justice, or the appropriate officer(s) within the BIA, the Court lacks subject matter jurisdiction over the Plaintiffs' claims, and the case must be dismissed.

An appropriate Order accompanies this Memorandum Opinion.

          */s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE